**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **KIMBERLY M. RAMEY** | ) | **CASE NO. 06-71444** |
| | ) | |
| **DEBTOR.** | ) | **CHAPTER 7** |
| | ) | |

## MEMORANDUM DECISION

Before the Court is the Trustee's motion to turn over property. In his Motion, the Trustee requests an order directing the Debtor to turn over the pro rata portion of her federal income tax refund that he contends is property of the estate.[1] The amount requested by the Trustee includes a pro rata portion of the Debtor's earned income credit (EIC). The Debtor has responded to the Trustee's Motion and argues that the Debtor's EIC is not property of the estate. The question before the Court is whether a pro rata portion of the Debtor's EIC is property of the estate and thus must be turned over to the Trustee. The parties to this matter have waived oral argument and requested that they be allowed to submit written arguments and a stipulation of facts in lieu of a hearing. Their request was granted and the Motion was taken under advisement. The matter is now ready for decision. For the reasons stated below, the Court will grant the Trustee's Motion.

---

[1] The Trustee's Motion also included a prayer for the Debtor to be ordered to turn over a copy of the Debtor's state income tax return for 2006 as well as the estate's pro rata portion of the resulting refund. The Court, however, will not address these matters as it is now moot because the Debtor has since filed her tax return and the parties have stipulated that the Debtor was not entitled to a refund with regard to her state tax return.

1

**FINDINGS OF FACT**

The Debtor filed a petition under Chapter 7 on November 30, 2006. At the time of her petition, the Debtor anticipated receiving federal and state income tax refunds for tax year 2006. The Debtor's Schedule B disclosed this interest and listed the value of the anticipated refunds as $1. The Debtor's Schedule C claimed an exemption in the subject property in the amount of $1 pursuant to Va. Code §34-4.

On January 23, 2007, the Debtor timely filed her homestead deed in the Office of the Clerk of the Circuit Court for Washington County, Virginia. The Debtor's homestead deed claimed an exemption in the potential federal and state income tax refunds in the amount of $1,900. The Trustee did not object to the Debtor's homestead deed and its validity is not in dispute.[2]

On or about March 5, 2007, the Debtor filed her federal income tax return for tax year 2006. The Debtor claimed her two daughters as dependents on the return. The Debtor's tax return reported that her total tax liability for 2006 was zero, based on a reported taxable income of $2,781 and a child tax credit of $279.[3] The Debtor's return also reported that her total tax payments were $7,684, consisting of income tax withholdings of $2,908, an EIC of $3,396, a child tax credit of $1,330, and a credit for federal telephone excise tax of $50. As the Debtor's

---

[2] The parties have stipulated that the Debtor is entitled to claim up to $6,000 in total exemptions in her homestead deed because she can claim up to $500 per dependent in addition to her individual homesteader exemption amount of $5,000. The total exemption claimed on the homestead deed is $5,911.

[3] There is no dispute as to whether a pro rata portion of the refund of income tax withholding, the child tax credit, and the credit for federal telephone excise tax are property of the estate. Accordingly, the Court will not address these tax refund items other than in footnote #4, *infra*.

total tax liability was zero and her total payments were $7,684, the Debtor claimed a refund in the amount of $7,684.

On March 15, 2007, the Trustee filed the subject Motion seeking turnover of the estate's pro rata portion of the funds that resulted from the Debtor's federal tax return. Based on the date of the Debtor's petition, the Trustee alleged that 334/365ths of the Debtor's total 2006 tax refund is property of the estate. Using the information provided in the Debtor's tax return and her homestead deed, the Trustee asserted that $7,031.39 of the expected $7,684 refund is property of the estate and that only $1,900 of this sum had been claimed exempt. The Trustee moved for an order directing the Debtor to turn over $5,831.39, the nonexempt pro rata portion of the anticipated tax refund.

On March 20, 2007, the Debtor responded to the Trustee's Motion and denied that $7,031.39 of the Debtor's total refund is property of the estate. The Debtor's Response requested that the Court determine the amount, if any, of the tax refund that is property of the estate.

In the Debtor's brief, counsel argued that the Debtor's EIC is not part of the bankruptcy estate because the Debtor was not eligible to receive an EIC until she filed her tax return several months later in March 2007. Counsel based this argument on the language of 26 U.S.C. § 32(e) which states "[e]xcept in the case of a taxable year closed by reason of the death of the taxpayer, no credit shall be allowable under this section in the case of a taxable year covering a period of less than 12 months." Counsel argued that under this provision the Debtor was not able to receive an EIC until she filed her tax return for the full year on March 5, 2007. Counsel for the Debtor further argued that even if the Trustee had elected to file a "short year"

tax return for the pre-petition period, this provision would have prevented the Trustee from receiving the EIC as the tax return would have been for a period less than 12 months. Counsel for the Debtor reasoned that because the Debtor could not receive her EIC until she filed her tax return and the Trustee could not have received it had he filed a "short year" tax return, the Debtor's EIC is not property of the estate.[4] Counsel for the Debtor also argued that the facts of this case are distinguishable from those in *In re Whitmer*, 228 B.R. 841 (Bankr. W.D. Va. 1998), which was decided in this jurisdiction and held that an EIC is property of the estate.

The Trustee argued that the Debtor's EIC is property of the estate because § 541(a), which defines property of the estate, uses broad language which encompasses contingent interests such as the Debtor's interest in her EIC. The Trustee also argued that the Court should reach the conclusion that the Debtor's EIC is property of the estate because the majority of courts have reached this conclusion, including this very Court in a decision authored by Chief Judge Ross W. Krumm, discussed below.

As the above facts are not in dispute, the Court will accept them as true.

### CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Matters concerning the administration of the estate are "core" bankruptcy matters pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[4] In support of this argument counsel for the Debtor cited *In re Searles*, 445 F. Supp. 749 (D. Conn. 1978); *In re Hurles*, 31 B.R. 179 (Bankr. S.D. Ohio 1983); *In re Hankerson*, 133 B.R. 711, 717 (Bankr. E.D. Pa. 1991), *rev'd on other grounds*, 138 B.R. 473 (E.D. Pa. 1992); and *In re Meza*, 243 B.R. 538 (Bankr. M.D. Fla. 1999).

The question before the Court is whether a pro rata portion of the Debtor's EIC for tax year 2006 is property of the bankruptcy estate. This question was previously addressed in the Western District of Virginia by Judge Krumm in *In re Whitmer*, 228 B.R. at 841. In *Whitmer* the debtor filed her petition in November of 1997 and then several months later filed her tax return for tax year 1997. The debtor's tax return resulted in a tax refund of approximately $2,700 which consisted of returned withheld wages and an EIC. Based on these facts, the Court rejected the debtor's argument that the EIC was not property of estate because the debtor's tax return was not filed as of the date of the debtor's petition and held that the debtor must turn over a pro rata portion of the entire income tax refund, including the portion consisting of the EIC. The Court reasoned that this was the correct decision because of the broad language of § 541(a)(1) that states property of the estate includes "all legal or equitable interests of the debtor", the lack of authority to support the conclusion that Congress intended to exclude an EIC from property of the estate, and because this conclusion is supported by the weight of authority. *Id.* After a careful examination of the facts in *Whitmer* and comparison with those in the current case, the Court, in response to the Debtor's attempt to distinguish *Whitmer*, concludes that the relevant facts of the subject case are not distinguishable from those in *Whitmer*. As the facts of the subject matter are almost identical to those in *Whitmer*, except that the Debtor's refund includes the additional refund items of a child tax credit and a credit for federal telephone excise tax, and because the Debtor has presented no arguments not considered in *Whitmer*, the Court concludes that a pro rata portion of the Debtor's EIC is property of the bankruptcy estate.[5]

---

[5] The Court has considered the cases cited by Debtor's counsel in support of the argument that the Debtor's EIC is not property of the estate, however the Court is unpersuaded by these cases.

The Court's conclusion is supported by the Fourth Circuit's decision in *Beaman v. Shearin (In re Shearin)*, 224 F.3d 346 (4th Cir. 2000), subsequent to the *Whitmer* decision. In *Shearin*, the Fourth Circuit held that the male debtor's pre-petition interest in a partnership's year end profits was part of the bankruptcy estate even though the funds were not payable to the male debtor until several months after the debtors filed their petition because the broad language of § 541(a)(1) encompasses such interests. In *Shearin*, the debtors argued that the profits were not property of the estate because the funds were not payable to the male debtor until the partnership distributed its assets at the end of the year. The Court of Appeals rejected this argument and stated that even if the debtors were required to perform acts after the petition date in order to receive the funds, a portion of the profits was property of the estate as the profits were sufficiently rooted in the pre-petition past. *In re Shearin*, 224 F.3d at 350-352. In the present case, the Debtor has offered a similar argument to the position argued by the debtors in *Shearin*. She has argued that her EIC is not property of the estate because she could not receive the credit until after the petition date when she filed her tax return for the full year. Although the Debtor is correct in that she could not receive the EIC until after the petition date when she filed her tax return, it is clear that a portion of the EIC is rooted in the pre-petition past as the amount of the Debtor's EIC was calculated based on the Debtor's total income for the taxable year. Thus, a portion of the Debtor's EIC is property of the estate just as a portion of the male debtor's interest in the profits of the partnership was found to be property of the estate in *Shearin*.

The Court's conclusion is also supported by the text of 26 U.S.C. § 32(e) which provides that an EIC would not be available to taxpayers who file a tax return "covering a period

6

of less than 12 months."[6]  This provision supports the Court's conclusion because it establishes that the Debtor's EIC is rooted in both the pre- and post-petition time period.  Had the Trustee and the Debtor exercised their respective rights to file separate "short year" tax returns for the pre- and post-petition time periods, as the Debtor has correctly stated was possible, both the Debtor and the Trustee would have been ineligible to receive any portion of the EIC.  As such, the Debtor's EIC is inextricably a product of the Debtor's pre- and post-petition income for the year of filing.

## CONCLUSION

For the reasons stated above, the Court by its separate order will grant the Trustee's Motion.

This 25th day of May, 2007.

William F. Stone, Jr.
United States Bankruptcy Judge

---

[6] The Court notes that 26 U.S.C. § 32, which provides the child tax credit, also provides that "[e]xcept in the case of a taxable year closed by reason of the death of the taxpayer, no credit shall be allowable under this section in the case of a taxable year covering a period of less than 12 months." 26 U.S.C. § 32(f).  However, the Debtor has not argued that her child tax credit is not property of the estate even though it contains the language upon which the Debtor bases her argument as to the EIC.